UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.                                          CASE NO. 8:25-cr-469-KKM-NHA

CRUZ ALVAREZ-DIAZ

**<u>NOTICE OF MAXIMUM PENALTIES,
ELEMENTS OF OFFENSES, AND FACTUAL BASIS</u>**

COMES NOW, the United States of America, by and through Gregory W.

Kehoe, United States Attorney for the Middle District of Florida, and hereby

provides notice of the maximum penalties, essential elements, and factual basis for

the charged offenses in the above captioned case. The United States provides notice

of the following in anticipation of the above-named defendant entering a change of

plea in this case:

<u>ESSENTIAL ELEMENTS</u>

The essential elements of Count One, a violation of 18 U.S.C. § 933(a)(3),

conspiracy to traffic in firearms, are as follows:

<u>First</u>:        That two or more persons, in some way or manner, came to a
             mutual understanding to try to accomplish a common and
             unlawful plan, as charged in the Indictment;

<u>Second</u>:       That the Defendant, knowing the unlawful purpose of the plan,
             willfully joined in it; and

<u>Third</u>:        That the object of the unlawful plan was to transport and to cause
             to be transported and to receive, in or affecting interstate
             commerce, machinegun conversion devices (as defined in 26
             U.S.C. § 5845(b)), knowing or having reasonable cause to believe

that the possession or receipt of the machinegun conversion devices would constitute a felony.

## PENALTY

The offense charged in Count One of the Indictment is punishable by a maximum term of imprisonment of fifteen years, a fine not to exceed $250,000, a term of supervised release of three years, and a special assessment of $100.

Additionally, the defendant must forfeit property, pursuant to 18 U.S.C. §§ 924(d) and 934, and 28 U.S.C. § 2461(c), as outlined in the Indictment.

## FACTUAL BASIS

Were this case to proceed to trial, the Government would be able to prove the following facts and others beyond a reasonable doubt:

In August 2023, a cybercrimes team from Homeland Security Investigations ("HSI") and the United States Postal Inspection Service ("USPIS") began targeting websites selling parts designed to convert semiautomatic firearms into fully automatic machineguns. These firearm parts were machinegun conversion devices ("MCDs"), commonly known as "Glock switches" and "auto sears."

MCDs convert a weapon into a machine gun, as defined in 26 U.S.C. § 5845(b), and MCDs themselves, whether or not installed onto a firearm, qualify as machineguns under the same statute. "Glock switch" MCDs are manufactured specifically for use and installation onto Glock handguns.

2

*Interdiction of Parcel.*  On November 4, 2024, agents received information regarding three suspected MCD purchases made by "Joel Diaz." The information included the following:

    a.     Shipping Name: Joel Diaz
    b.     Address: 36907 Pinecrest Ave, Dade City, FL
    c.     Phone: XXX-XXX-3178
    d.     Payment: PayPal
    e.     Date/Time: 10/31/2024 6:00:27 PM

Using this information, HSI and USPIS identified a United States Postal Service ("USPS") package which corresponded with the order.  USPIS Inspectors in Tampa, FL, detained the parcel (USPS parcel 9400 1118 9956 1467 9721 28).

The name "Joel Diaz," the listed name of the recipient on the parcel, did not appear from law enforcement database searches to be affiliated with the recipient address.

On November 26, 2024, a federal search and seizure warrant was issued for the parcel. Upon opening the parcel, USPIS investigators discovered two additional packages contained within. Each of the two smaller packages contained a "Glock switch."

According to USPS business records, on November 6, 2024, at 11:37:06, a USPS customer signed up for a USPS account associated to 36907 Pinecrest Ave, Dade City, FL 33523 via www.USPS.com.  The name the customer provided was "Tazia Hill."  The phone number the customer provided was (XXX) XXX-1674.

3

On December 4, 2024, a USPIS Inspector placed a call to (XXX) XXX-1674 (later determined to belong to Sergio TARANGO-Diaz). A person, speaking with what sounded like a male voice, answered the phone. The USPIS Inspector then asked if the individual was "Tazia Hill," to which the person answered in the affirmative.  The USPIS Inspector informed the individual that the parcel could be picked up at the Dade City Post Office. The individual asked if someone else could pick up the package. When asked for the name of the person who would be picking up the package, the individual stated that he did not know. The USPIS Inspector provided the individual with a deadline time the same day by which he would be able to pick up the parcel.

Approximately one hour prior to the deadline, an individual called from (XXX) XXX-1674 and asked if the package could still be picked up. After being told that it could, the individual indicated that someone would be picking up the package. When asked for a name of the person picking up the package, the individual again stated that he did not know, and then later stated the name may be "Victor."

A short time later, a gray pickup truck bearing a Texas license plate parked on Church Avenue, east of the Post Office in Dade City, FL. The vehicle contained three male occupants: Cruz ALVAREZ-Diaz, Sergio TARANGO-Diaz, and one juvenile, ("JUVENILE"). The JUVENILE got out of the vehicle and entered the Dade City Post Office.  ALVAREZ-Diaz, located in the driver's seat, and TARANGO-Diaz, located in the rear passenger seat, remained in the vehicle.

4

Investigators watched the JUVENILE enter the Dade City Post Office and wait in line for the counter. While waiting, the JUVENILE was seen speaking on a mobile device to an unknown party. Once he approached the counter, JUVENILE asked the clerk at the desk for the parcel. As soon as he took possession of the parcel, investigators detained the JUVENILE and secured the parcel.

Investigators then detained the remaining two individuals in the vehicle. ALVAREZ-Diaz, who was positioned as the driver and claimed ownership of the vehicle, gave verbal consent for investigators to search the vehicle. Upon entering the vehicle, investigators identified and retrieved two phones. One of the phones was retrieved from the front seating area near the driver's seat, and ALVAREZ-Diaz later claimed this phone as his and provided verbal and written consent to search it. The other phone, identified as (XXX) XXX-1674[1], was retrieved from the rear seat where TARANGO-Diaz was seated. This phone was abandoned by all three vehicle occupants but was determined as a result of searches of all three phones to belong to TARANGO-Diaz.

JUVENILE and his parents provided consent to search the phone that had been in his possession. During a review of JUVENILE's phone, investigators identified multiple text messages that were sent to and from phone number (XXX) XXX-1674 (contact name "Piggy"), which referenced the parcel (see *Figure 4*).

---

[1] Investigators called phone number (XXX) XXX-1674, which caused the phone that had been located in the backseat of the vehicle to ring.

In the same conversation, and at the same time that JUVENILE was waiting in the Dade City Post Office, JUVENILE's phone sent messages such as "Why u hang up" and "Im scared." JUVENILE also appeared to be in the process of trying to warn TARANGO-Diaz at about the time he was detained, but that message was not sent.



**Figure 1. Photo of conversation between JUVENILE's phone and (XXX) XXX-1674 (TARANGO-Diaz's phone).**

Investigators conducted a post-*Miranda*, custodial interview of ALVAREZ-Diaz. During his interview, ALVAREZ-Diaz stated TARANGO-Diaz had asked him for a ride and had told him that they were going to pick up "gun parts." During a review of his phone, interviewers asked ALVAREZ-Diaz who "Jr." was that was referenced in his messages and contacts. ALVAREZ-Diaz identified TARANGO-Diaz as "Jr."



**Figure 2. Photo of ALVAREZ-Diaz's phone displaying location information for image containing suspected handgun and "Glock switch."**

Further review of ALVAREZ-Diaz' phone revealed a photo of what appeared to be a handgun with an installed "Glock switch." There were also multiple images and videos of what appeared to be firearms and accessories, including MCDs, on the phone.

When ALVAREZ-Diaz said during his interview that TARANGO-Diaz told him that they were going to pick up "gun parts," he said he believed the parts were for an "AR" rifle.

When investigators asked ALVAREZ-Diaz who "Joel Diaz" was, he stated that there was no one in their family with that name.

*Additional Information from Search of Phones.* All of the phones seized were searched after agents obtained a warrant.

*TARANGO-Diaz's Phone.* The abandoned phone that belonged to TARANGO-Diaz was encrypted, which limited forensic analysis, however several accounts and email addresses found on the phone connected the phone to TARANGO-Diaz, and conversations between TARANGO-Diaz and ALVAREZ-Diaz and conversations between TARANGO-Diaz and the JUVENILE were captured on the phones belonging to ALVAREZ-Diaz and the JUVENILE.

*JUVENILE's Phone.* TARANGO-Diaz was listed as "Piggy" in the JUVENILE's phone. Discussions between them include discussions about MCDs and other firearms, they were in close contact during the controlled delivery, and Tarango-Diaz sent to the JUVENILE the name and address on the MCD package

8

and the parcel number of the package. The JUVENILE also sent the following message to TARANGO-Diaz: "Im scared."

There is also a website screenshot showing the recipient of the MCD order, "Joel Diaz." Discussions with other persons also concerned MCDs and included images and videos that appear to show Glock handguns with MCDs installed.

Older conversations between the JUVENILE and ALVAREZ-Diaz likewise referenced possessing and selling firearms and firearms components and include images and videos that appear to show Glock handguns with MCDs installed.

***ALVAREZ-Diaz's Phone.*** There was evidence on ALVAREZ-Diaz's phone of a WhatsApp Group between TARANGO-Diaz, the JUVENILE and ALVAREZ-Diaz that had the option "disappearing messages" turned on.

Communications between ALVAREZ-Diaz and TARANGO-Diaz about firearms were found from earlier in 2024 and 2023. There were also conversations with other parties that included discussions about firearms, including illegal MCDs and "ghost guns."

ALVAREZ-Diaz's phone contained several images and videos of firearms, including firearms that appear to have MCDs installed, and videos of firearms being fired with fully automatic functionality.

One of these videos showed a hand manipulating what appeared to be a MCD installed on a Glock handgun, and ALVAREZ-Diaz admitted to agents in an interview on December 4, 2024, that it was his hand in the video.

In the same interview with agents on December 4, 2024, ALVAREZ-Diaz said he did not know specifically what gun parts were in the package, but he did know it was something illegal, and in reference to a mobile application timer that agents noticed was running, ALVAREZ-Diaz said he knew that something would be wrong if the JUVENILE did not return with the gun parts in two minutes

The above is merely a summary of the events, some of the persons involved, and other information relating to this case. It does not include, nor is it intended to include, all of the events, persons involved, or other information relating to this case.

WHEREFORE, the United States of America hereby provides notice of the above to this Honorable Court and to the above-named defendant in advance of the anticipated change of plea by said defendant.

Respectfully submitted,

GREGORY W. KEHOE
United States Attorney

By:   */s/ E. Jackson Boggs Jr.*
E. Jackson Boggs Jr.
Assistant United States Attorney
USA No.: 080
400 N. Tampa Street, Suite 3200
Tampa, Florida 33602
Telephone:  (813) 274-6000
Facsimile:  (813) 274-6125
Email:  Jackson.Boggs@usdoj.gov

**U.S. v. Cruz Alvarez-Diaz**          **Case No. 8:25-cr-469-KKM-NHA**

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on April 23, 2026, I electronically filed the foregoing with

the Clerk of the Court by using the CM/ECF system which will send a notice of

electronic filing to:

Counsel of Record

*/s/ E. Jackson Boggs Jr.*
E. Jackson Boggs Jr.
Assistant United States Attorney
USA No.: 080
400 N. Tampa Street, Suite 3200
Tampa, Florida 33602
Telephone:  (813) 274-6000
Facsimile:  (813) 274-6125
Email:  Jackson.Boggs@usdoj.gov

11