UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA,
　　Plaintiff,

 v.　　　　　　　　　　　　　　　　CASE NO.  8:25-CR-469-KKM-NHA

CRUZ ALVAREZ DIAZ,
　　Defendant,

_____/

<u>CRUZ ALVAREZ DIAZ' SENTENCING MEMORANDUM</u>

COMES NOW Defendant, Cruz Alvarez Diaz (Alvarez), by and through undersigned counsel on behalf of the Defendant Alvarez and herein files his sentencing memorandum and pursuant to U.S.S.G. section 3B1.2, which encompasses all remaining legal and factual objections and as previously submitted in response to the Presentence Investigation Report (PSR).  A section 3553 analysis, requests for mitigation, a downward variance, sentencing suggestions, and miscellaneous sentencing issues.  Mr. Alvarez moves the Honorable Court to grant his request to impose a sentence that does not include imprisonment.  And based upon the factors set forth in 18 U.S.C. section 3553(a), determine sentence mitigation and a downward variance.  In support of said issues, states as follows:

I.　　**GENERAL CASE FACTUAL BACKGROUND**

1

A.    Case History:

On November 4, 2024, agents received information regarding three suspected machine gun conversion (MCD) kits (kit). The kits were sent via USPS. The purchaser of the MCD kits was "Joel Diaz". Joel Diaz was later identified as codefendant Sergio Tarango Diaz (Tarango). On November 6, 2024, a USPS customer signed up for a USPS account associated with Tarango's address. However, the name on the account was a fictitious name. Later the fictitious name was determined to be Tarango. A USPS inspector and the fictitious named person (Tarango) discussed picking up the parcel. The fictitious named person (Tarango) asked the USPS inspector if someone else could pick up the parcel.

On December 4, 2024, a pickup truck arrived at the Dade City, Florida Post Office. Inside the pickup truck were three individuals. The three individuals were later identified as defendant Cruz Alvarez Diaz, the driver; codefendant Sergio Tarango Diaz, passenger; and a juvenile passenger. Tarango had the juvenile enter the Post Office to retrieve the parcel.

When the juvenile took possession of the parcel the investigators confronted the juvenile and detained him. Investigators searched the parcel and found two MCD's. Then investigators went to the pickup truck and confronted Alvarez and Tarango who were in the pickup truck.

Investigators detained Alvarez and Tarango.   Investigators received from Alvarez consent to search the vehicle.  The search revealed three phones.  A review of the juvenile's phone revealed messages between Tarango and the juvenile which appeared to indicate that Tarango and the juvenile were communicating about the juvenile being detained.

The Indictment was brought on September 25, 2025.  The Indictment was brought about nine (9) months after the defendants were detained at the Post Office.  The defendants were detained on December 4, 2024.   The One Count Indictment charges from on or about June 2023, up to on or about September 25, 2025, Sergio Tarango Diaz and Cruz Alvarez Diaz knowingly conspired with others , to ship, transport, transfer, cause to be transported, and otherwise dispose of any firearm to another person, and to receive from another person any firearm, in or otherwise interstate or foreign commerce, knowingly and reasonably that receipt of the firearm by the recipient would constitute a felony, in violation of Title 18, U. S. C. Sections 933(a)(1) and (a)(2).  All in violation of 18 U. S. C. Section 933(a)(3).

On April 24, 2026, Mr. Alvarez Diaz entered a guilty plea to Count One, the conspiracy charge.  The guilty plea was not pursuant to a written plea agreement with the government.  On May 12, 2026, the guilty plea was

3

accepted by United States District Court Judge Kathryn Kimball Mizelle who also adjudicated Mr. Alvarez guilty.

Mr. Alvarez continues to admit his participation in the conspiracy. Mr. Alvarez in his separately prepared initial responses, dated July 21, 2026, to the initial Pre-Sentence Investigation Report (PSR) dated "7/9/2026" sets forth his initial objections and requested changes to the PSR.  Mr. Alvarez hereby specifically adopts his responses to the PSR, as if fully set forth herein.  Mr. Alvarez specifically requests that the Court review his responses to the PSR.

II.    **CRUZ ALVAREZ DIAZ DOES NOT NOW OBJECT TO THE PRESENTENCE REPORT USSG CALCULATIONS AND SENTENCING OPTIONS**

The Final PSR at page 11, paragraph 61, states "**Probation**" "**Statutory Provisions:**  The defendant is eligible for not less than one nor more than five years' probation because the offense is a Class C Felony." "One of the following must be imposed as a condition of probation unless extraordinary circumstances exist: a fine, restitution, or community service."

As to paying a fine, Alvarez is indigent.  There is no known restitution in this case.  Alvarez is able to perform community service.  Very

4

respectfully, Alvarez requests he be sentenced to probation with a condition of community service.

III.   **CRUZ ALVAREZ DIAZ' PERSONAL HISTORY AND CURRENT PERSONAL CHARACTERISTICS ARE REASONS FOR A SUBSTANTIAL DOWNWARD VARIANCE**

The Final PSR, Part E, page 12, paragraph 71, provides no apparent reason for a downward variance, downward departure, or a lesser sentence than calculated in the PSR.

Very respectfully, Cruz Alvarez Diaz submits that a downward variance, downward departure, and a lesser sentence is reasonable and appropriate in his case.

Cruz Alvarez Diaz was barely an adult, about 18 and a half years old, at the time of the commission of the instant offense at the Post Office.  His young age at the time of the commission of the offense is a significant factor for the Court's consideration as to a downward variance, downward departure, and lesser sentence.

Furthermore, Alvarez had no role in contacting the seller of the MCD kit.  Alvarez had no role in purchasing the kit.  Alvarez had no participation in arranging for the USPS delivery of the kit.  Alvarez' role in the offense was to drive his codefendant to the Post Office so that the codefendant could

retrieve the kit.  Alvarez' role was a driver to and from the Post Office.

Alvarez was a minor role participant in the offense.  Nothing in the evidence

produced by the government suggests that Alvarez' role in the offense was

more than to drive to and from the Post Office.  The codefendant had no

vehicle to drive to the Post Office.

Mr. Alvarez responds that a downward variance based upon

mitigation, and /or 18 U.S.C. section 3553(a) factors is warranted.  Mr.

Alvarez continues to admit that he ultimately willingly and knowingly

participated in the charged conspiracy.

Defendant responds that the U.S. Sentencing Guidelines (USSG) fails

to afford the defendant full consideration for mitigation in light of the

statute, 18 U.S.C. Section 3553.  In subsection (a) the statute sets forth

several sentencing court considerations which the USSG does not provide as

reasons for downward departure or downward variance and the Eleventh

Circuit in several decisions prior to U.S. v. Booker , 125 S.Ct. 738 (2005),

had found to be non-acceptable reasons for downward departure.  Since

Booker this Court should fashion a reasonable sentence which considers the

section 3553(a) factors.  More specifically, the defendant requests that the

Court determine his sentence pursuant to Section 3553 and consider his

specific characteristics, his young age, the need to avoid unwarranted

6

sentence disparities, and protect the public from further crimes of this defendant. Also, that the Court renders a sentence which is the minimal sentence which comports with the considerations set forth in Section 3553. Which sentence would be reasonable in this case. A USSG sentence that excludes probation as calculated in the PSR (Final PSR at page 11, paragraph 62) for Mr. Alvarez is not reasonable.

**CONCLUSION**:

For the above stated reasons defendant Cruz Alvarez Diaz respectfully requests that he be sentenced pursuant to 18 U.S.C. Section 3561 (c)(1) to at least one year but not more than five years' probation with conditions that the Honorable Court deems reasonable and appropriate (Final PSR at page 11, paragraph 61).

**REQUESTS**:

1. Location: If sentenced to prison Coleman or the closest prison to Tampa, Florida to be close to family.

2. Unicore.

3.. Work and vocational training in business administration, construction.

4. Education: College level courses.

<u>s/ Ronald J. Marzullo</u>

7

Ronald J. Marzullo, Esq.
P. O. Box 1205
Valrico, Fl.  33595
Tel: 813 662 3080
Email: marzullorj2@hotmail.com
FBN: 613177

CERTIFICATE OF SERVICE

I hereby certify that on August 1, 2026, I electronically filed the

foregoing with the Clerk of the Court by using the CM/ECF system which

will send a notice of electronic filing to all parties in this case.

s/ Ronald J. Marzullo

Ronald J. Marzullo, Esq.